IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSI KONTGIS,<br><br>      Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORPORATION, RALPH BECKER, DAVID EVERITT, RALPH CHAMNESS, DEBRA ALEXANDER, AND JOHN DOES I-X,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV1078 DAK |

   This matter is before the court on Defendants' Motion to Partially Dismiss Plaintiff's Complaint.  A hearing on the motion was held on June 12, 2012.  At the hearing, Plaintiff Susi Kontgis was represented by Chad M. Steur.  Defendants Salt Lake City Corporation (the "City"), Ralph Becker, David Everitt, Ralph Chamness, and Debra Alexander (the "Individual Defendants") (collectively referred to as "Defendants") were represented by Margaret D. Plane.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motion under advisement, the court has further considered the law and facts relating to the motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

**BACKGROUND**

Plaintiff was hired as a policy analyst for the City in or about August 1993 and was a Career Service Employee ("CSE") who worked in the Administrative Services Department. CSEs who work for the City are either represented by a union ("Union") or not represented by a union ("Non-Union"), and Plaintiff was a Non-Union CSE.  She was employed continuously by the City until her termination on July 16, 2010.  Generally stated, Plaintiff claims that her layoff, the layoff procedure, and the conduct of Defendants violated various state and federal rights.  In her Complaint, she has asserted eleven causes of action against the Defendants.  The causes of action are as follows:

| I | Unconstitutional Ordinance - Employee Appeals Board Ordinance, Ordinance 67 of 2009 |
|---|---|
| II. | Unconstitutional Ordinance - New Layoff Ordinance, Ordinance 66 of 2009 |
| III. | Violation of Due Process - Asserted Against City and the Individual Defendants in Their Official and Individual Capacities |
| IV. | Violation of Equal Protection - Asserted Against City and the Individual Defendants in Their Official and Individual Capacities |
| V. | Violation of First Amendment Right to Freedom of Speech - Asserted Against City and the Individual Defendants in Their Official and Individual Capacities |
| VI. | (There is no Sixth Cause of Action) |
| VII. | Violation of Utah's Right to Work Law - Asserted Against City and the Individual Defendants in Their Official and Individual Capacities |
| VIII. | Breach of Implied Contract - Traditional Layoff Procedure - Asserted Against City and the Individual Defendants in Their Official Capacities |
| IX. | Breach of Implied Contract - Seniority, PEC Committee - Asserted Against City and the Individual Defendants in Their Official Capacities |
| X. | Breach of Implied Covenant of Good Faith and Fair Dealing - Asserted Against City and the Individual Defendants in Their Official Capacities |

| XI. | Intentional Infliction of Emotional Distress - Asserted Against the Individual Defendants in Their Official and Individual Capacities |
|---|---|
| XII. | Negligent Infliction of Emotional Distress - Asserted Against the Individual Defendants in Their Official and Individual Capacities |

## STANDARD OF REVIEW

### A. FRCP 12(B)(1) - LACK OF SUBJECT MATTER JURISDICTION

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure ("FRCP"), a court may exercise jurisdiction over a case or cause of action only when specifically authorized to do so. The Rule requires a court to dismiss a cause "at any stage of the proceedings in which it becomes apparent that [subject matter] jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). In this case, Plaintiff seeks to invoke federal jurisdiction and as a result bears the burden of establishing that subject matter jurisdiction is proper. *Id*. When a motion under Rule 12(b)(1) constitutes "a facial attack on the allegations of subject matter jurisdiction," the court will presume the allegations are true. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted).

### B. FRCP 12(B)(6) - FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

FRCP 12(b)(6) provides that the court may dismiss any claim that "fail[s] to state a claim upon which relief can be granted." When considering a motion to dismiss, a court views the complaint in a light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). The court accepts all well-pled factual allegations as true, but makes its own determination of the legal issues. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A claim must be dismissed if the complaint does not contain enough facts to make the

claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Further, a complaint must allege "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and it must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give a defendant "fair notice of what the claim is . . . and the grounds upon which it rests." *Id*. (quotations and citation omitted) (alteration in original). Finally, under FRCP 12(b)(6), a court may consider only facts actually alleged and should disregard conclusory allegations made without supporting factual averments. *See Moya v. Schollenbarger*, 465 F.3d 444, 455-57 (10th Cir. 2006).

## DISCUSSION

Through their motion, Defendants have moved to dismiss many of Plaintiff's causes of action in their entirety and have also moved to dismiss some of the claims against certain Defendants.

**A.  INDIVIDUAL CAPACITY CLAIMS BROUGHT UNDER STATE LAW**

Defendants argue that the claims brought under state law, including the Seventh, Eleventh, and Twelfth causes of action, should be dismissed against the Individual Defendants named in their individual capacities for lack of subject matter jurisdiction under the Governmental Immunity Act of Utah (the "Immunity Act"). Defendants contend that the Notice of Claim and the Amended Notice of Claim did not allege facts from which one may infer that any of the Defendants acted through fraud or willful misconduct and, moreover, that the Notices

of Claim fail to allege that the individual Defendants engaged in any conduct whatsoever. Therefore, Defendants argue, Plaintiff's failure to file a proper notice of claim deprives this court of subject matter jurisdiction over these claims.

The notice of claim requirement is contained in Utah Code section 63G–7–401, which provides in part:

> Any person having a claim for injury against a governmental entity, or against its employee for an act or omission occurring during the performance of the employee's duties, within the scope of employment, or under color of authority shall file a written notice of claim with the entity before maintaining an action, regardless of whether or not the function giving rise to the claim is characterized as governmental.

Utah Code Ann. § 63G–7–401(2).  The notice of claim shall set forth (i) "a brief statement of the facts," (ii) "the nature of the claim asserted," (iii) "the damages incurred by the claimant so far as they are known," and (iv) "if the claim is being pursued against a governmental employee individually as provided in subsection 63G-7-202(3)(c), the name of the employee."  Utah Code Ann. § 63G-7-401(3)(a)(i-iv).  The "purpose of the notice of claim requirement is to provide the governmental entity an opportunity to correct the condition that caused the injury, evaluate the claim, and perhaps settle the matter without the expense of litigation." *Mecham v. Frazier*, 193 P.3d 630 (Utah 2008).

Subsection 63G-7-202(3), referenced in subsection (iv) above, is part of the exclusive remedy provision of the Immunity Act.  It provides that "an action under this chapter against a governmental entity for an injury caused by an act or omission that occurs during the performance of an employee's duties, within the scope of employment, or under color of authority is a plaintiff's exclusive remedy," subject to subsection (c), which provides that:

5

> A plaintiff may not bring or pursue any civil action or proceeding based upon the same subject matter against the employee or the estate of the employee whose act or omission gave rise to the claim unless: (I) the employee acted or failed to act through fraud or willful misconduct."[1]

Utah Code Ann. § 63G-7-202(3)(a) & (c)(I).

In 2008, the Utah Supreme Court answered a question certified by the Tenth Circuit Court of Appeals pertaining to the degree of compliance required to satisfy the notice of claim requirements when a plaintiff seeks to sue defendants in their individual capacities. *See Mecham v. Frazier*, 193 P.3d 630, 634 (2008). The defendants troopers in the underlying case in *Mecham* had argued that, to assert a claim against a government employee, a notice of claim must contain the words "fraud" or "malice." *Id.* at 364.

The Utah Supreme Court disagreed, finding that "[t]he plain language of the [Immunity Act] does not require that a notice of claim against state officials in their individual capacity expressly aver 'fraud' or 'malice.'" *Id.* at 635. The *Mecham* court recognized that "courts will not 'require more of a claimant than is required by the pertinent statutory language.'" *Id.* at 634-35 (quoting *Xiao Yang Li v. Univ. of Utah*, 144 P.3d 1142 (Utah 2006)).

In its analysis, the court noted that the question concerning whether a notice of claim must expressly use the words "fraud" or "malice" goes to the second requirement of the notice-of-claim provision, which is "the nature of the claim asserted." *See id*. at 635. The court had previously set forth what this requirement entails:

> A plaintiff need only include enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability. Under this standard, the contents of the notice of claim must be sufficient to

---

[1] There are four other exceptions that are not pertinent to this case.

>   reasonably alert the governmental entity of the nature of the claim–that the
>   claimant seeks to bring a cause of action against a government employee
>   personally due to the employee's fraudulent or malicious conduct.

*Id*. at 636 (quoting *Houghton v. Department of Health*, 125 P.3d 860 (Utah 2005) (internal quotation marks and citations omitted)).[2]

The *Mecham* court also analyzed its previous decision in *Xiao Yang Li,* 144 P.3d at 1142-46, in which it had held that a notice of claim met the requirements of the Immunity Act even though the notice of claim did not list the individual claimants' names. *Id*. at 634 (referring to *Xiao Yang Li*, 144 P.3d at 1142-46). The *Xiao Yang Li* court had reasoned that because the Immunity Act did not "specify whether a notice of claim must include the names of each individual claimant," the court could not override the legislature's prerogative in deciding "what information is necessary to give proper notice of a claim." *Id*. at 1146. This is true, the court reasoned, even when the notice of claim requirements may "hold little utility in providing actual notice to the State regarding the claims of the decedents' heirs." *Id*. With this precedent in mind, the *Mecham* court concluded that, "whether a notice of claim contains an allegation of fraud or malice depends on the content of the notice as a whole, not on the use or nonuse of particular words." *Mecham*, 193 P.3d at 635.

Thus, as it pertains to issues raised by Defendants in the instant motion, it is clear from the language of the Immunity Act's notice-of-claim requirements that the notice of claim must

---

[2] The events at issue in *Mecham* had occurred prior to the addition by the Utah Legislature of a new requirement in the notice-of-claim provision, and therefore the *Mecham* court did not include in its discussion or analysis the added requirement that the notice of claim must contain the name of the government employee if the claim was being pursued against the employee individually. *See Mecham*, 193 P.3d at 634 n.20.

set forth a brief statement of the facts, the nature of the claim asserted, the damages known at the time, and the name of the employee if that employee is being sued in the employee's individual capacity. In addition, when a plaintiff seeks to sue government employees in their individual capacities, the Utah Supreme Court has made clear that the exclusive remedy provision also requires that the notice of claim allege "facts from which one may infer that any of the Defendants acted through fraud or willful misconduct." *Id*.

It is not known whether the Utah Supreme Court's ruling in *Mecham* would have been different had the new requirement in the Immunity Act's notice-of-claim provision been applicable. The new requirement stated: "if the claim is being pursued against a governmental employee individually as provided in subsection 63G-7-202(3)(c), the name of the employee." *See* Utah Code Ann. § 63G-7-401(3)(a)(iv). Certainly this added requirement satisfies the necessity of informing the government entity that the claimant seeks to sue a government employee personally due to the employee's fraudulent or willful conduct:

> A plaintiff need only include enough specificity in the notice to inform as to the nature of the claim so that the defendant can appraise its potential liability. Under this standard, the contents of the notice of claim must be sufficient to reasonably alert the governmental entity of the nature of the claim–*that the claimant seeks to bring a cause of action against a government employee personally due to the employee's fraudulent or malicious conduct.*

*Id*. at 636 (internal quotation marks and citations omitted) (emphasis added)).

In the instant case, Plaintiff, in following the notice-of-claim requirements, plainly stated in her Amended Notice of Claim:[3]

> 3(a)(iv) If the claim is being pursued against a governmental employee

---

[3] There was a similar statement in her original notice of claim.

>individually as provided in Subsection 630-7-202(3 )(c), the name of the employee:
>Plaintiff is pursuing her claims against the following government employees in [sic] for their actions and omissions in their individual and official capacities: Mayor Ralph Becker; David Everitt; and then Senior City Attorney Ralph Chamness.

Compl., Ex. 2 - Notice of Claim at 4.

Because the notice-of-claim "name requirement" expressly informs a government entity that a claim is being pursued against a governmental employee individually as provided in subsection 63G-7-202(3)(c) (which is the fraud/willful misconduct exception to the exclusive remedy provision), the court is particularly hesitant to impose an additional requirement, proposed by Defendants, that a notice of claim must link a particular defendant to that defendant's specific fraudulent or willful conduct.[4]

Utah courts have stated repeatedly that "the courts will not 'require more of a claimant than is required by the pertinent statutory language.'" *Mecham*, 193 P.3d at 634-35 (quoting *Xiao Yang Li*, 144 P.3d at 1146). To impose this requirement here would do just that. The legislature could have easily imposed such a requirement but did not do so, and this court cannot "override the legislature's prerogative in deciding what information is necessary to give proper notice of claim." *Mecham*, 193 P.3d at 635 (internal quotation marks and citation omitted).

---

[4] This court recognizes that there is one unpublished decision from this district, relied upon heavily by Defendants, that could be read to suggest that specific conduct must be linked to a particular defendant to satisfy the notice-of-claim requirements. *See Coleman v. Utah State Charter Sch. Bd.*, 2:10cv1186 TC, 2011 WL 4527421 (D. Utah Sept. 28, 2011). It appears, however, that the court in *Coleman* relied on the notice-of-claim requirements contained in the previous version of the Immunity Act, prior to the addition of the "name requirement" now contained in section 63G-7-401(3)(a)(iv). *See Coleman*, 2011 WL 4527421 at * 14 (citing prior version of Immunity Act and referring to the Act by its prior name, the Utah Governmental Immunity Act."). Thus, as in *Mecham*, the court did not analyze the effect of the new requirement to explicitly list the name of any employee against whom the claimant was asserting a claim in the employee's individual capacity.

Moreover, in addition to having provided the names of the Individual Defendants against whom Plaintiff was asserting claims, Plaintiff has satisfied the requirement to allege "facts from which one may infer that *any* of the Defendants acted through fraud or willful misconduct" in her notice of claim.[5] *Id.* (emphasis added).   For example, Plaintiff alleges, among other things, that, "[a]t no time prior to enacting the FY2009 Compensation Plan becoming enacted as an ordinance did the City disclose its plan to institute a layoff targeting non-union Career Service employees only"; "The City did not disclose its plans to institute a layoff.  The City misrepresented the nature and impact of the intended changes which led the PEC to believe that the amendment provided more employment protection to non-union Career Service employees in the event of a layoff"; and "Despite the obligation contained in the FY2009 Compensation Plan to discuss these matters with the PEC, the City refused to listen to the PEC concerns.  The City retaliated by accusing the PEC of acting in bad faith."

While Plaintiff referred to the "City" and not to individual employees, it can reasonably be inferred that the employees named in subsection (iv) of Plaintiff's notice of claim, are the

---

[5] The Utah Supreme Court imposed a very lenient standard for alleging fraud/willful conduct in *Peak Alarm Co., Inc. v. Salt Lake City Corp.*, 243 P.3d 1221 (Utah 2010).  In that case, the court reversed the decision of the district court, holding that the plaintiff's notice of claim came within the fraud or malice exception to the Immunity Act because it alleged that the defendants lacked good faith and intended to punish the plaintiff.  *Id.* at 1222.
   Additionally, the court noted that the plaintiff employed the term "malice" in his notice of claim, alleging that the defendants acted "for the purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting" the plaintiff's constitutional rights.  *Id.*  Finally, the plaintiff alleged that the defendants "mounted a wide-ranging and public campaign that features exaggerated, misleading and/or false statements" against the plaintiff's industry.  *Id.*  Based on the foregoing, the court held that the plaintiff's notice of claim was sufficient to alert the defendants that the plaintiff intended to bring claims against the defendants under the fraud or malice exception to the Immunity Act.

relevant employees who acted as agents of the City.[6]

Accordingly, the court concludes that Plaintiff has satisfied the notice-of-claim requirements of the Immunity Act, and therefore, the court has jurisdiction over the claims asserted against the Individual Defendants in their individual capacities.

B.     **Claims Against Individual Defendants in Their Official Capacities**

Defendants argue that the claims brought against Individual Defendants in their official capacities (Third through Twelfth Causes of Action), should be dismissed because these claims are duplicative of the claims against the City.

Plaintiff did not oppose this argument in her Reply Memorandum, and, in any event, this court routinely dismisses official capacity claims as being redundant with claims against a political entity. Official capacity suits are treated as suits against the entity of which the officer is an agent. *See McMillan v. Monroe Cnty, Ala.,* 520 U.S. 781, 785, n.2 (1997) (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985) (quoting *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 690, n.55 (1978))); *see also Atiya v. Salt Lake Cnty.,* No. 87-C-260J, 1991 WL 511072 at *1, *4 (D. Utah Jan. 21, 1991) (holding that suits against government employees are essentially suits against the governmental entity that employs them).

Accordingly, the claims asserted against the Individual Defendants in their official capacities (Third through Twelfth Causes of Action) are dismissed.

---

[6]  While Plaintiff will obviously be required to link a particular Defendant to the alleged conduct to avoid summary judgment and/or to prevail on a claim, the Immunity Act does not require that the notice of claim "meet the standards required to state a claim for relief." *Houghton v. Dep't of Health*, 125 P.3d 860 (Utah 2005) (internal quotation marks omitted).

C.   **Negligent and Intentional Infliction of Emotional Distress**

   *1. Intentional Infliction of Emotional Distress*

Defendants argue that the Immunity Act does not contain a waiver of immunity for intentional infliction of emotional distress[7] and, as a result, Plaintiff's Eleventh cause of action against the City fails.[8]  The court agrees that the City is immune from suit as to Plaintiff's Eleventh Cause of Action, and therefore, it is dismissed as to the City.   The claim remains, however, against the Individual Defendants in their individual capacities.

   *2. Negligent Infliction of Emotional Distress*

Defendants also seek dismissal of the Negligent Infliction of Emotional Distress claim against the City and the Individual Defendants in their official capacities based on the Immunity Act.   The Immunity Act waives immunity for negligence, but a court must also consider whether there are any statutory exceptions to the waiver.  In this case, there is a statutory exception to the waiver.  Section 301(5)(b) states:

> [i]mmunity from suit . . . is not waived under Subsection[] 4 if the injury arises out of, in connection with, or results from: . . . infliction of mental anguish.

Because Plaintiff's claim is based on injury arising out of, or in connection with, or resulting from mental anguish, the City is immune from Plaintiff's claim for negligent infliction of emotional distress.[9]  Thus, Plaintiff's negligent infliction claim, her Twelfth Cause of Action, is

---

   [7] See Utah Code § 63G-7-301 (setting forth the waivers of immunity).

   [8] Defendants also seek dismissal of this claim as it pertains to the Individual Defendants in their official capacities, but, as stated above, the official capacity claims have already been dismissed.

   [9] Plaintiff argues that her Negligent Infliction of Emotional Distress claim arises out of her loss of employment and not out of mental anguish.  If the claim arises from her loss of employment, then it is not a claim for negligent infliction of emotional distress.

dismissed as to the City.

### C. Punitive Damage Claims

Defendants argue that they are immune from punitive damages under the Immunity Act. Utah Code section 63G-7-603 states, "[a] judgment may not be rendered against a governmental entity for exemplary or punitive damages." Plaintiff agrees that punitive damages cannot be assessed against a public entity. Therefore, Plaintiff's request for punitive damages related to the state law claims is dismissed with prejudice.

Plaintiff, however, argues that she may pursue punitive damages against "the other Defendants," presumably meaning the Individual Defendants in their individual capacities.[10] At this early stage of the litigation, prior to discovery, the court declines to dismiss Plaintiff's request for punitive damages against the Individual Defendants in their Individual Capacities.

### D. Right to Work Claim

Defendants contend that Plaintiff cannot plead any set of facts that would sufficiently state a claim for a violation of Utah's Right to Work Law (Seventh Cause of Action). The Public Policy statement of Utah's Right to Work Law, Utah Code section 34-34-2, states:

> It is hereby declared to be the public policy of the state that the right of persons to work, whether in private employment or for the state, its counties, cities, school districts, or other political subdivisions, may not be denied or abridged on account of membership or nonmembership in any labor union, labor organization or any other type of association; and further, that the right to live includes the right to work. The exercise of the right to work shall be protected and maintained free from undue restraints and coercion.  Thus, the statute prohibits compulsory union membership as a condition of employment.

Defendants argue that Plaintiff has conflated eligibility for union representation with

---

[10] As discussed above, the claims against the Individual Defendants in their official capacities are duplicative of the claims against the City and have been dismissed.

membership in a union, and they explain that "employees whose positions are eligible for union representation may choose to become members of the union. However, the unions must represent all eligible employees, regardless of their membership or nonmembership in the union."[11]  Plaintiff does not allege that her position was eligible for union representation, because, according to Defendants, it was not.  According to Defendants, AFSCME, like all AFL-CIO affiliated unions, is a trade union, and eligibility is defined by trade.  Plaintiff was a Senior Administrative Policy Analyst, which is a professional position that is not eligible for representation by a trade union, and because her position was not eligible for union representation, her status as a member or nonmember of a union is irrelevant.

The court finds that Plaintiff has not sufficiently stated a claim under Utah's Right to Work statute.  In her Response to Defendants' motion, Plaintiff did not cite any authority to suggest that her allegations stated a plausible claim or that she would be able to state a plausible claim if she were granted leave to amend.  Accordingly, her claim for violation of Utah's Right to Work statute is dismissed.[12]

### E.     Equal Protection Claim

Defendants argue that Plaintiff cannot plead any set of facts that would allow this court to

---

[11]  Mem. in Supp. at 19.

[12]  In supplemental briefing, Defendants also argue that this court does not have subject matter jurisdiction over this claim because it may only be brought in state court. Specifically, they argue that the statute clearly confers jurisdiction only "in the district court of the county in which any person, group of persons, firm, association, corporation, labor union, labor organization or any other type of association, or representatives thereof, who violates this chapter, or any part of it, resides or has a place of business, or may be found and served with process." *See* Utah Code Ann. § 34-34-2.  The court, however, declines to dismiss the claim on this basis.

find a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, the Fourth Cause of Action.  To plead an equal protection violation, Plaintiff must show that she "received different treatment from that received by other individuals similarly situated." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141 (3d Cir. 2005) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)).  "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, [courts are to] presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976).   Defendants contend that Plaintiff was not similarly situated to employees eligible for union representation, and, even if she were, her claim would still be subject to dismissal because there is a rational basis for the classification.

  Plaintiff argues that, by restricting the rights of non-union career service employees, Defendants have infringed upon Plaintiff's decision not to seek union representation and that the City's ordinances, policies, and procedures that are at issue directly and immediately affect Plaintiff's associational rights.  She also contends that because her claim is based on violation of her "freedom of association," strict scrutiny must be applied.

  Plaintiff, however, did not allege any facts to demonstrate that the City infringed on her associational rights relating to seeking representation by a union.   Her conclusory statements in her response to the motion do not cure her claim.  She has not alleged that she was treated differently from similarly situated employees, and even if she could allege that she was similarly situated to employees eligible for union representation, she has not pleaded any facts demonstrating that Defendants' actions lacked a rational relationship to a legitimate

governmental purpose.  While it does not appear that Plaintiff will be able to state a plausible claim under the Equal Protection Clause, the court will grant her leave to do so if she has a sufficient basis for doing do.  Thus, this claim is dismissed without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Partially Dismiss Plaintiff's Complaint [Docket No. 10] is GRANTED in part and DENIED in part.   The claims against the Individual Defendants in their official capacities are DISMISSED with prejudice as being duplicative of the claims asserted against the City.

In addition, Plaintiff's Eleventh and Twelfth Causes of Action (for Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress, respectively) are DISMISSED as to the City, as is Plaintiff's request for punitive damages as to the City. Plaintiff's Seventh Cause of Action (Violation of Utah's Right to Work statute) is DISMISSED with prejudice, and Plaintiff's Fourth Cause of Action (Equal Protection claim) is DISMISSED without prejudice, and Plaintiff is granted leave to amend her Complaint as to this cause of action if she believes she can plausibly state such a claim.

DATED this 20th day of September, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge